Richardson, J.,
delivered the opinion of the court:
The principles by which the court is governed m acting- upon motions for new trials, and the statutes and rules of practice applicable to them, have been so fully explained in the two opinions just read (Payan’s (Jase and Rhine’s Case, ante) that it is not necessary to repeat them here. It only remains to apply them to the circumstances of this case.
At the former trial the facts found were that the claimant’s intestate was the owner of 225 bales of cotton at Sabine Pass, in Texas, in the year 1805. Of these, 30 bales were shipped to New Orleans, where 28 of them were seized by a Treasury agent,' sold, and the proceeds, amounting to $2,698.94, were paid into the Treasury. For that sum the claimant recovered judgment.
*63 It also appeared that the remaining 195 bales were seized at Sabine Pass by a Treasury agent, sent to Houston, Tes., where they were received into the custody and control of another Treasury agent stationed at that place, and there the findings leave them. It was not proved what became of those 195 bales. They were not traced further than into the possession of a Treasury agent at Houston. The judgment of the court was, therefore,, against the claimant as to that pare of his claim. (14 C. Cls. R., 276.)
The claimant’s counsel has made a motion for a new trial, on the ground of newly-discovered evidence, in addition to some other grounds which it is not necessary to consider. He has filed an affidavit giving the names of six persons whose testimony he alleges will be material to prove that the cotton in question was sold and the proceeds paid into the Treasury. Among the persons thus named is William Polk, who was a Treasury agent-, and for some time had the supervision of this cotton at Houston; and it would seem, from the evidence of other witnesses at the former trial, that he was so situated that he would be likely to have important knowledge of the transactions in relation to the disposition of the cotton which reached Houston, Tex.
The testimony which it is now alleged can be obtained from the other five persons named would also have a material bearing upon the issues raised at the former trial.
Tbe counsel for the claimant makes oath that “ the materiality and necessity of the testimony of these witnesses were not known to the claimant and his counsel until after the trial of the case; and information of it was received after the trial $. and it was not on account of want of diligence in the preparation of the case for trial that the testimony was not taken. ”
We think the motion thus supported comes substantially within the rules laid down for granting new trials.
The motion is allowed; the judgment heretofore rendered will be set aside and the case remanded to the general docket for further proceedings.